Leo P. McKEE, as Trustee for Industrial Finance Corp., et al., Appellants,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellee.

No. 19954.

United States Court of Appeals Fifth Circuit.

April 29, 1963.

Carl V. Wisner, Jr., Fort Lauderdale, Fla., for appellants.

William T. Moore, Jack Moore, Moore & Moore, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

It appearing that the trustee in bankruptcy is suing the obligor on a commercial blanket bond issued to the trustee's bankrupt, the obligee under the bond, and it appearing that the bond covered any losses sustained by the plaintiff's bankrupt through any dishonest, fraudulent or criminal act of any of the employees of the bankrupt, which losses are sustained while the bond is in force and discovered by the obligee within twelve (12) months after the bond is cancelled, and further that liability only attaches if the obligee has notified the obligor within 90 days of discovering the loss, it appearing further that the fidelity losses involved were occasioned by the fraudulent acts of Robert A. McKee (no relation to the trustee), the "sole stockholder and the dominant factor in its (the bankrupt corporation) operation during the effective period of the bond," (language of the complaint) it appearing further that the trustee notified the defendant only after the expiration of 18 months from the termination date of the bond (approximately the date the trustee was appointed), and it appearing that the trustee did not notify the surety within 90 days of the alleged date of discovery, we conclude:

That the obligee under the bond, the bankrupt, had "discovered" the loss within the twelve months' period by reason of the fact that Robert A. McKee, the principal officer and sole stockholder who perpetrated the fraud, as a matter of law was the alter ego of the

**430**

obligee-bankrupt, and that no notice having been given within 90 days after this imputed discovery by the obligee, the trustee who has no more rights than the bankrupt itself, may not maintain the suit. The fact that McKee took the corporation's money does not insulate it from the knowledge he possessed since there was no adverse interest between McKee and the corporation wholly owned by him. Cf. Franklin Savings & Loan Co. v. American Employees Ins. Co., 5 Cir., 99 F.2d 494. Furthermore, we find that by the plaintiff's own allegations the "discovery" did not occur until after the expiration of the allowable twelve months' period, so that the trustee is precluded by the first condition precedent to maintaining an action on this bond.

The judgment is

Affirmed.